IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
02/25/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

DUONG THUC NGUYEN, )
)
        Petitioner, )
)
v. )   Case No. 26-3008-JWL
)
C. CARTER, Warden, FCI-Leavenworth; )
TODD LYONS, Acting Director, ICE; and )
PAM BONDI, Attorney General, )
)
        Respondents. )
)
_____)

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants** the petition in part. Respondents are ordered to ensure that petitioner receives a bond hearing on or before **March 13, 2026**, and to provide notice to this Court once that bond hearing has been conducted. The Court denies petitioner's request for further relief concerning that hearing.

Petitioner is a native and citizen of Vietnam. Petitioner was admitted to the United States in 2000 as a lawful permanent resident. Petitioner was convicted of retail theft several times, and on May 29, 2024, petitioner was taken into custody by immigration officials. During the course of removal proceedings, petitioner applied for cancellation of removal, a discretionary form of relief available to certain lawful permanent residents, and on February 12, 2025, an immigration judge granted that application. The Government

appealed that order to the Board of Immigration Appeals (BIA) on March 14, 2025; in October 2025, the BIA set a briefing schedule and briefs were submitted; and the Government's appeal remains pending. Petitioner is presently detained within this judicial district. On January 14, 2026, petitioner filed the instant habeas petition. Respondents have filed an answer to the petition, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

As his sole claim, petitioner asserts that his detention pursuant to 8 U.S.C. § 1226(c) without a bond hearing violates due process.[1] That statute requires mandatory detention for certain aliens, including those deportable by reason of having committed certain criminal offenses. *See id.* Petitioner does not dispute that he has committed such offenses and is therefore subject to mandatory detention by Section 1226(c).

As respondents note, in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that although aliens are entitled to due process in immigration proceedings, their mandatory detention under Section 1226(c) without a determination concerning danger to society or the risk of flight is constitutional. *See id.*[2] Subsequently, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court held that Section 1226(c) itself does not grant any right to a bond hearing after any particular amount of time. *See id.* In *Demore*, however, the Court's specific holding was that Congress, out of concern that non-

---

[1] In the petition, petitioner also asserted claims based on his arguments that other statutes should be deemed to govern his detention; but in his traverse, he has abandoned those claims and conceded that Section 1226(c) governs his detention.

[2] The Supreme Court first concluded that 8 U.S.C. § 1226(e) did not deprive courts of jurisdiction to consider such a constitutional claim. *See Demore*, 538 U.S. at 516-17.

detained aliens continue to engage in crime or fail to appear for removal proceedings, could require detention "for the *brief* period necessary" for those proceedings, *see Demore*, 538 U.S. at 513 (emphasis added); and it relied in part on statistics showing that in the great majority of cases involving detention under Section 1226(c), removal proceedings are concluded in an average time of 47 days (with a median of 30 days), with the other cases resolved after an appeal lasting an average of four months, *see id.* at 529; *see also id.* at 531 (concluding that the detention of the petitioner "for the *limited* period of his removal proceedings" was constitutional) (emphasis added).  In a concurring opinion (in a 5-4 decision), Justice Kennedy noted that the ultimate purpose behind detention under Section 1226(c) is premised on the alien's deportability; and he further acknowledged the possibility of an as-applied constitutional challenge to such detention as follows:

> [S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.  Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against the risk of flight or dangerousness, but to incarcerate for other reasons.

*See id.* at 531, 532-33 (Kennedy, J., concurring) (citations omitted).

Since *Demore* and *Jennings* were decided, courts have entertained as-applied due process challenges to detention under Section 1226(c) without a bond hearing.  In their brief, respondents somewhat concede that point, stating that "[a]t most, the length of a criminal alien's detention under § 1226(c) could prompt further inquiry under the Due Process Clause if the detention became so unusually and extraordinarily prolonged that the

detention no longer 'served its purported immigration purpose'" (quoting Justice Kennedy's concurrence in *Demore*). In the sole such case cited by respondents, the court noted that although *Demore* upheld the facial validity of Section 1226(c), lower courts had entertained as-applied challenges. *See Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F. Supp. 3d 518, 523 (W.D. La. 2018), *appeal dismissed*, 2019 WL 13220574 (5th Cir. Feb. 7, 2019). Somewhat inexplicably, however, respondents have not cited or discussed the undersigned judge's own cases involving this same claim. *See Moreno-Bastidas v. Barr*, 2020 WL 3639774 (D. Kan. July 6, 2020) (Lungstrum, J.); *Martinez Armendariz v. Garland*, 2024 WL 3226094 (D. Kan. June 28, 2024) (Lungstrum, J.). This Court has noted that courts typically apply the following six factors in assessing such an as-applied due process claim to mandatory detention without a bond hearing under Section 1226(c):

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*See Moreno-Bastidas*, 2020 WL 3639774, at *8-9 (citing cases) (citations omitted);[3] *see also Jalloh v. Garland*, 2023 WL 3690252, at *1-2 (W.D. Okla. May 26, 2023) (courts typically consider these same six factors to determine whether an alien's detention has been unconstitutionally prolonged), *cited in Martinez Armendariz*, 2024 WL 3226094, at *1.

---

[3] In *Moreno-Bastidas*, the Court did not consider each factor separately because it was clear that the petitioner was not entitled to relief in that case. *See Moreno-Bastidas*, 2020 WL 3639774, at *10.

Respondents have not addressed these factors. The Court concludes, however, that the factors, considered together, weigh in favor of petitioner and his claim of a due process violation because he has not been afforded a bond hearing.

*First*, petitioner has been detained for nearly 21 months, and the Government's appeal has still not been resolved more than one year after the immigration judge granted petitioner cancellation of removal. That is certainly not the "brief" period for removal proceedings assumed by Supreme Court in *Demore*, and a significantly longer period of time than suggested by the statistics on which the Court relied in that case. This factor weighs heavily in petitioner's favor.

*Second*, with respect to future detention, it is unknown when the Government's appeal will be resolved (respondents have offered no clues). In addition, respondents state that they are unaware of impediments to removal if they prevail on appeal, but since there is no removal order at present, presumably there would still need to be proceedings before the immigration judge in that event. Thus, although it would seem that there must be an endpoint to petitioner's detention, it is difficult to determine when that endpoint may occur. Thus, this factor weighs somewhat in petitioner's favor.

*Third*, with respect to the conditions of petitioner's confinement, petitioner argues that he has been held in jail and prison, and thus his confinement has been more punitive than necessary. Petitioner has not shown that the conditions of his confinement have been atypical, however, or particularly harsh. This factor does not weigh for or against petitioner.

*Fourth*, as respondents note, some of the delay in the removal proceedings may be attributed to petitioner's requests for continuances and the time needed for petitioner to prepare his case before the immigration judge. It appears, however, that only five months (of the nine months in custody prior to the cancellation order and the 21 months of custody overall) may fairly be attributed to those requests. Thus, this factor does not weigh heavily against petitioner.

*Fifth*, respondents note correctly that petitioner has not alleged that the Government engaged in any misconduct or shown bad faith here. Some delay was caused before the immigration judge, however, by the Government's need to amend its removal charges against petitioner. Moreover, as petitioner points out, the bulk of the long period of petitioner's detention may be traced to the Government's decision not to accept the immigration judge's decision. Certainly the Government had the right to appeal that order (although respondents have not attempted to show that the Government had a reasonable basis for the appeal), but that decision has caused most of the delay nonetheless. The delay in the appeal's resolution may be attributed to the BIA – an arm of the Executive Branch – who did not even schedule briefing until seven months after the Government took its appeal. This factor weighs slightly in petitioner's favor.

*Sixth*, there does not appear to be any significant likelihood that petitioner's removal proceedings will result in an order of removal. Petitioner won an award of discretionary relief, and respondents have neither provided the basis for the Government's appeal nor

argued that the appeal will likely succeed.[4]  The Court is left to presume that the immigration judge's order was sound, and there is no basis to conclude that the Government will nonetheless prevail and obtain a removal order.  This fact weighs heavily in petitioner's favor.

Based on its consideration of these factors, in which the first and sixth factor especially weigh heavily in petitioner favor, the Court concludes that petitioner's continued detention without a bond hearing has become unreasonable and is no longer supported by a purpose to effect removal.  As Justice Kennedy indicated, fulfillment of Section 1226(c)'s purposes turns on the alien's deportability, and petitioner's removal is not likely on this record; and as Justice Kennedy further noted, the underlying purposes relating to dangerousness and risk of flight may be tested (as applied to the alien) in a bond hearing addressing those issues.  *See Demore*, 538 U.S. at 531-32 (Kennedy, J., concurring).

Accordingly, the Court concludes that due process requires that petitioner be granted a bond hearing, and the Court grants the petition to that extent.  Respondents are ordered to ensure that petitioner receives a bond hearing – on the same terms as if petitioner were detained under Section 1226(a) – on or before **March 13, 2026**, and to provide notice to this Court once that hearing has been conducted.[5]

Finally, the Court denies petitioner's further request for an order requiring the Government to bear a clear-and-convincing evidentiary burden at the bond hearing.  The

---

[4]  Respondents did not submit a copy of the immigration judge's order.

[5]  The Court denies petitioner's further request to set a release date to apply if respondents do not comply with the order to provide a bond hearing.

7

Court concludes that the applicable burden is better left to the immigration judge in the first instance. *See Jollah*, 2023 WL 3690252, at \*2 ("the Court is not persuaded that due process requires this Court prospectively to order an immigration judge to adhere to a specific standard of proof at a bond hearing") (internal quotation and citation omitted). The Court denies the petition to that extent.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted** in part. Respondents are ordered to ensure that petitioner receives a bond hearing on or before **March 13, 2026**, and to provide notice to this Court once that bond hearing has been conducted. The Court denies petitioner's request for further relief concerning that hearing.

IT IS SO ORDERED.

Dated this 25th day of February, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge