IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
04/16/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

| | |
|---|---|
| DUONG THUC NGUYEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 26-3008-JWL |
| | ) |
| C. CARTER, Warden, FCI-Leavenworth; | ) |
| TODD LYONS, Acting Director, ICE; and | ) |
| PAM BONDI, Attorney General, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This habeas case comes before the Court on respondents' motion to vacate the Court's judgment in favor of petitioner and to dismiss the case as moot (Doc. # 8). The court **denies** the motion.

By Memorandum and Order of February 25, 2026, the Court ruled that the Government's detention of petitioner without a bond hearing for nearly 21 months, including during the Government's ongoing appeal to the Board of Immigration Appeals (BIA) from an immigration judge's order granting petitioner's application to cancel his removal, violated due process; and the Court ordered respondents to ensure that petitioner received a bond hearing by March 13, 2026. *See Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.). On March 11, 2026, the ordered bond hearing took place, and an immigration judge denied release on bond, based on his finding that petitioner

did not show, in light of his extensive criminal history, that he was not a danger to the community.

Respondents' present motion is based on an order of March 4, 2026, in which the BIA sustained the Government's appeal from the cancellation order and ordered petitioner's removal. Respondents argue that because petitioner is now being detained pursuant to 8 U.S.C. § 1231(a), in light of the removal order, his prior claim based on his detention under 8 U.S.C. § 1226(c) without a bond hearing is now moot. Respondents thus request that the Court's judgment in petitioner's favor be vacated and that the case instead be dismissed as moot.

The Court declines to find petitioner's claim to be moot. It is true that the Court granted a similar motion as unopposed in another case; but in that case, the petitioner had been removed before the Government granted the relief ordered by the Court (the petitioner's release). In this case, the Court ordered a bond hearing, and the Government granted petitioner such a hearing[1] – and thus, petitioner has already been afforded the relief that he sought and which the Court granted. Respondents have not disputed that this Court's ruling was correct and proper on the date it was issued, and respondents complied with the order to grant petitioner particular relief. The fact that petitioner may now be

_____

[1] Respondents have not explained why petitioner was granted the bond hearing even though his removal had already been ordered – and thus the basis for his detention had already been altered – by that date. The Court therefore assumes that the hearing was conducted in order to ensure compliance with the Court's order. As respondents concede, if petitioner were to appeal the BIA's order to a circuit court of appeals and that court were to grant a stay of that order, then petitioner could not be detained under Section 1231(a), and the bond denial would become relevant.

detained under a different statute does not mean that petitioner's claim regarding his prior detention did not have merit; nor does it provide a proper basis to vacate the judgment in petitioner's favor. The Court therefore denies respondents' motion.

IT IS THEREFORE ORDERED BY THE COURT THAT respondents' motion to vacate the Court's judgment in favor of petitioner and to dismiss the case as moot (Doc. # 8) is hereby **denied**.

IT IS SO ORDERED.

Dated this 16th day of April, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

3